**COWIN & COMPANY, INC., Petitioner,**

v.

**FEDERAL MINE SAFETY AND HEALTH REVIEW COMMISSION and Raymond J. Donovan, Secretary of Labor, U.S. Department of Labor, Respondents.**

No. 82–1336.

United States Court of Appeals, Fourth Circuit.

Argued Oct. 7, 1982.

Decided Dec. 10, 1982.

William H. Howe, Richard A. Steyer, Washington, D.C. (Timothy J. Parsons, Loomis, Owen, Fellman & Howe, Washington, D.C., on brief), for petitioner.

Anna L. Wolgast, U.S. Dept. of Labor, Washington, D.C. (T. Timothy Ryan, Jr., Sol. of Labor, Cynthia L. Attwood, Associate Sol., Michael A. McCord, Appellate Litigation, Nancy S. Hyde, Washington, D.C., on brief), for respondents.

Before WINTER, Chief Judge, ERVIN, Circuit Judge, and HAYNSWORTH, Senior Circuit Judge.

PER CURIAM:

Cowin and Company, Inc. (Cowin), an independent contractor performing construction for the owner of a coal mine, seeks review of an order of the Federal Mine Safety and Health Review Commission determining that it was an "operator" within the meaning of § 109(a)(1) of the Federal Coal Mine Health and Safety Act of 1969, 30 U.S.C. § 819(a)(1) (1976 ed.) (the Act) and assessing civil penalties for violations of various safety standards. We had occasion to review and set aside a prior order in *Cowin and Company, Inc. v. Federal Mine Safety and Health Review Commission,* 612 F.2d 838 (4 Cir.1979) (*Cowin I*).

We affirm the order which is the subject of the present petition for review.

### I.

The background facts are amply set forth in *Cowin I* and need only be recounted briefly.

Two days after a January 7, 1974, worksite accident killed three and injured three more of Cowin's employees, an inspector for the Mine Enforcement and Safety Administration (MESA) issued notices of federal safety standards violations naming Cowin an "operator" under § 109(a) of the Act. Following a decision by the District Court for the District of Columbia[1] holding that an independent contractor could not be named an "operator" under § 109(a), the pleadings charging Cowin with civil liability were amended to name it as an "agent" under § 109(c) of the Act, and to name the mine owner, Ranger Fuel, Inc., as the "operator." Cowin was found liable in 1978 on these pleadings for having "knowingly" violated various mine safety regulations,[2] and assessed $74,000 in civil penalties.

On petition for review of this order, we held that "MESA relied on the wrong section of the Act[,]" and remanded the proceedings with leave to the Secretary of Labor to amend the petition for assessment solely to rename Cowin an "operator." *Cowin I*, 612 F.2d at 840–41. The Secretary did amend the charges on March 13, 1980, and, following an opportunity for submission of additional evidence, Cowin was again found liable for the same violations on September 8, 1980, this time as an "operator."

The Federal Mine Safety & Health Review Commission refused to overturn the assessment,[3] and Cowin appeals. Although Cowin concedes that the Secretary's statutory enforcement authority properly in-cludes charging it as an "operator" under the Act, it contends that the latest amendment of outstanding charges constituted an arbitrary and therefore unlawful departure from a longstanding enforcement policy against "owners only."

### II.

Cowin's current claims are in large measure foreclosed by our disposition of its previous appeal. There we expressly stated:

> We will allow the Secretary to amend the petition to allege the same factual violations of the same regulations under the proper subsection of the Act. This is not a criminal proceeding. Cowin had notice of the alleged violations from the beginning. It asserted its defenses based on the same facts in an administrative hearing. Thus, we see no likelihood of prejudice in this technical amendment. Although a change of legal theory on appeal without remand is sometimes appropriate in civil cases if the parties are not prejudiced thereby, we think the administrative record should be reopened, to avoid any possible prejudice, for the submission of additional relevant evidence and arguments before Cowin's civil liability is determined and penalties can be assessed under the proper section.
>
> Finding no merit in Cowin's other contentions, we remand for the sole purpose of reconsideration under Section 109(a), 30 U.S.C. § 819(a).

612 F.2d at 841 (citations omitted). When the Secretary amended the pleadings in conformity with our opinion, it can hardly be said that he was acting arbitrarily.

### III.

Even accepting, *arguendo*, some significance in the fact that our decision to "allow" amendment did not "direct" the Secretary to do so, Cowin's claim of agency abuse

---

**1.** *Association of Bituminous Contractors [A.B.C.] v. Morton*, Civil Action No. 1058–74 (D.D.C. May 23, 1975), rev. sub. nom. *A.B.C. v. Andrus*, 581 F.2d 853 (D.C.Cir.1978).

**2.** An "operator" under § 109(a) may be assessed penalties on a substantially easier showing than may an "agent," as no showing of a knowing violation is required in a proceeding against the former. *See, Bituminous Coal Operators Association, Inc. v. Secretary of Interior*, 547 F.2d 240, 246–47 (4 Cir.1977).

**3.** On review, the Commission later vacated $16,000 of the penalties due to reconsideration of several of the wire rope safety standards involved.

of discretion remains without merit. This simply is not a case of a longstanding agency policy from which an administrative agency departed without reasonable explanation. *See, e.g., N.L.R.B. v. Motor Convoy, Inc.,* 673 F.2d 734, 735 (4 Cir.1981); *Roadway Express, Inc., v. N.L.R.B.,* 647 F.2d 415, 419–420 (4 Cir.1982); *Brennan v. Gilles & Cotting, Inc.,* 504 F.2d 1255, 1264–65 (4 Cir.1974). The shifts in enforcement policy pointed to by Cowin instead stemmed principally from legitimate agency attempts to conform to sometimes contradictory judicial decisions concerning the definitions of "agent" and "operator" under the relevant Acts. *See, Wilson v. Laurel Shaft Construction Co., Inc.,* 1 I.B.M.A. 57, 1971–73 OSHD ¶ 15,387 (1972); *Affinity Mining Company,* 2 I.B.M.A. 57, 1971–73 OSHD ¶ 15,546 (1973); *Association of Bituminous Contractors [A.B.C.] v. Morton,* Civil Action No. 1058–74 (D.D.C. May 23, 1975), *rev'd sub nom. A.B.C. v. Andrus,* 581 F.2d 853 (D.C.Cir.1978); *Bituminous Coal Operators Association [B.C.O.A.] v. Secretary of Interior,* 547 F.2d 240 (4 Cir.1977). At most, following transfer of enforcement duties from the Department of the Interior to the Department of Labor in 1978,[4] the Secretary established a limited interim enforcement policy aimed solely at avoiding standardless determinations of new violations pending establishment of contractor liability guidelines for the over 1,600 field inspectors newly under the Secretary's direction. *See, Secretary of Labor (MSHA) v. Old Ben Coal Company,* 1 FMSHRC 1480 (1979). Nothing in this policy purported to alter the Secretary's enforcement power within the conceded scope of the Act in a pending proceeding, such as that against Cowin.

Cowin further fails to show any unfairness or prejudice in the assessment against it. From the outset, enforcement authorities proceeded against Cowin as an operator, the same theory upon which liability was ultimately founded. At no time was Cowin's liability for serious violations of the Act placed in doubt by any agency policy change. Cowin had a full and fair opportunity on remand to present any new evidence it desired, and chose to present none. The Secretary ultimately did no more than to prosecute citations pending since 1974, by means of the "technical amendment" indicated by us. *Cowin I, supra,* 612 F.2d at 841; *see also, N.L.R.B. v. International Union of Operating Engineers, Local 925,* 460 F.2d 589, 601 (5 Cir.1972).[5]

AFFIRMED.

---

4. The Federal Coal Mine Health and Safety Act of 1969, 83 Stat. 742, 30 U.S.C. § 801 *et seq.* (1976), under which the Secretary of the Interior originally proceeded against Cowin, was amended by the Federal Mine Safety and Health Act of 1977, Pub.L. 95–164, 91 Stat. 1290. The amended Act created the Mine Safety and Health Administration under the Secretary of Labor as a replacement for the prior enforcement agency, the Mine Enforcement and Safety Administration.

5. Any burden landing on Cowin due to its having reimbursed mine owner Ranger Fuel of some $2,234.00 in penalties separately assessed against Ranger was of Cowin's own making through its voluntarily having entered an indemnification contract. We have no occasion here to consider the implications of an indemnification obligation arising by operation of common law rules of contribution when both a mine operator and a contractor have been assessed for a single incident. *Cf. BCOA v. Secretary, supra,* 547 F.2d at 246–47.