4 F.3d 993
 145 L.R.R.M. (BNA) 2576
 NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
David Charles DeLONG; Steven Schneider; Adrienne Edington;
Roger Wilhem; Loretta Shoemaker; Bobbie Gross;
Gary L. Day; Paul M. Skiles,
Plaintiff-Appellants Cross-Appellees,
v.
INTERNATIONAL UNION, UNITED AUTOMOBILE, AEROSPACE &
AGRICULTURAL IMPLEMENT WORKERS OF AMERICA (UAW),
et al., Defendant-Appellees Cross-Appellants.
 Nos. 92-3616, 92-3678.
 United States Court of Appeals, Sixth Circuit.
 Aug. 20, 1993.
 
 Before: GUY and SUHRHEINRICH, Circuit Judges; JOINER, District Judge.*
 PER CURIAM.
 
 
 1
 In this labor action, plaintiffs challenge the verdict holding defendants International Union, UAW (UAW), and K. Dan Jackson not liable for denying them a meaningful vote during the ratification of their collective bargaining agreement with Navistar International Transportation Corporation (Navistar). For the following reasons, we AFFIRM.
 
 I.
 
 2
 In the early 1980's, Navistar experienced financial difficulties, which led it to negotiate a new collective bargaining agreement (CBA) with the UAW in early 1982. On April 29, 1982, Navistar and the UAW negotiators reached a tentative agreement. Along with the proposed CBA, the parties executed "Supplemental Letters of Understanding" (Supplemental Letters), which created a Master Recall List allowing employees who had lost their jobs due to plant closings to transfer to new openings, and to "dovetail" their seniority. Dovetailing means simply that the rehired employees would retain their prior seniority after transferring to new positions.
 
 
 3
 Immediately after the tentative agreements were reached, the process of ratification by the members of the UAW began. During the first phase of ratification, the bargaining representatives of the local unions met to review the proposed CBA, the Supplemental Letters, and the text of a "Highlighter" which summarized various provisions of the CBA and Supplemental Letters. After reviewing these documents, the representatives approved the CBA and Supplemental Letters for ratification by the members of the UAW. During the second phase, the CBA and Supplemental Letters were put before the local unions for ratification. Local 402 met on May 1, 1982, and ratified the CBA and Supplemental Letters. The CBA and Supplemental Letters were ratified nationwide.
 
 
 4
 On February 24, 1984, plaintiffs filed a class action complaint, alleging labor law violations and breach of the CBA by the UAW, their representatives, and Navistar.[1] In count two, the only claim at issue on appeal, plaintiffs claimed that the UAW, Stephen Yokich, a vice president of the UAW,[2] and Jackson, chairman of the local Navistar negotiating committee, violated the Labor-Management Reporting and Disclosure Act (LMRDA), 29 U.S.C. Sec. 411(a)(1) by denying plaintiffs the right to a meaningful vote in the ratification of the CBA and Supplemental Letters.[3] Plaintiffs maintained that defendants had given them insufficient notice of the ratification meeting, and had disseminated misleading information to them at that meeting. Plaintiffs argued that due to the misinformation, they ratified the Supplemental Letters without realizing that their seniority rights would be harmed when rehired employees were dovetailed. Plaintiffs therefore sought damages to compensate them for lost salary and benefits due to the adoption of the Supplemental Letters.
 
 
 5
 The district court held two trials, the second of which included count two. For that trial, the court certified a class "consisting of all current and former members of Local 402 who were entitled to vote at the May 1, 1982, ratification meeting." The court submitted count two to the jury on three special verdict interrogatories. The first interrogatory asked whether plaintiffs had proven by a preponderance that the UAW had violated their right to a meaningful vote under Sec. 411(a)(1). The second interrogatory asked the same question with respect to Jackson. The third interrogatory asked whether plaintiffs had proven by a preponderance that the Supplemental Letters would not have been adopted nationally had plaintiffs' rights not been violated. The jury answered the first and second interrogatories affirmatively, but found that plaintiffs did not prove that the Supplemental Letters would not have been adopted nationally absent the misconduct. Based on the jury's answers, the court directed a verdict for defendants on count two.
 
 
 6
 Plaintiffs moved for judgment or new trial on count two, contending that interrogatory three misstated their burden of proof in making a prima facie case under Sec. 411(a)(1). Specifically, plaintiffs argued that they did not have to prove that absent the Sec. 411(a)(1) violations, the outcome of the national vote would have been different, but only that the outcome may have been different. The district court rejected this argument, and entered judgment in favor of defendants on count two.
 
 II.
 
 7
 Plaintiffs argue that the district court misstated their burden of proof by requiring them to prove that the outcome of the national ratification would have been different absent the denial of a meaningful vote under Sec. 411(a)(1). However, we do not address plaintiffs' argument because they did not object to the district court's jury instruction on causation, and because that instruction does not constitute plain error.
 
 
 8
 Under Fed.R.Civ.P. 51, "[n]o party may assign as error the giving or the failure to give an instruction unless that party objects thereto before the jury retires to consider its verdict, stating distinctly the matter objected to and the grounds of the objection." Rule 51 can be satisfied by less than a formal objection, but only if the district court was clearly made aware of possible error in the instructions. Transcontinental Leasing, Inc. v. Michigan Nat'l Bank, 738 F.2d 163, 167 (6th Cir.1984).
 
 
 9
 The district court instructed the jury as follows with regard to count two:
 
 
 10
 In order to prevail in their claim that any one or more or all of the Defendants violated their rights under Section 411(a)(1), the class must prove by a preponderance or greater weight of the evidence each of the following essential elements:
 
 
 11
 1. That one or both of the Defendants denied the class the right to vote; and
 
 
 12
 2. That if the class had not been denied the right to vote, the Supplemental Letters of Understanding would not have been ratified nationally.
 
 
 13
 ....
 
 
 14
 A class which seeks to hold a labor union or individual legally responsible on a claim that one or the other or both violated their rights to vote under Section 411(a)(1) must also prove that the violation caused the harm of which the class complains. In this case, the class contends that the harm they suffered as a result of the violation ... was the national ratification of the Supplemental Letters of Understanding. Therefore, [in addition to the violation], you must also decide whether that violation caused the Supplemental Letters of Understanding to be ratified nationally. (emphasis added).
 
 
 15
 At the jury charge conferences, the district court went through the jury instructions section by section; all objections were made by the parties at the charge conferences and were incorporated into the trial record immediately after the jury was instructed.
 
 
 16
 Plaintiffs maintain that they objected to the causation instruction, but a review of the transcripts of the conferences reveals no objection, formal or otherwise, to the instruction. Plaintiffs did seek to add some language explaining to the jury that if the Supplemental Letters had not been ratified, the previous local supplement on seniority would have continued in effect. The court rejected this language as surplusage, reasoning that absent ratification of the new Supplemental Letters the status quo would naturally continue meaning that the old supplement on seniority would continue to control. While plaintiffs argue that this objection somehow raised the causation issue, we disagree. This objection did not challenge in any way that portion of the jury instructions which stated that plaintiffs had to prove "[t]hat if the class had not been denied the right to vote, the Supplemental Letters of Understanding would not have been ratified nationally." (emphasis added).
 
 
 17
 Nor did plaintiffs object to special verdict interrogatory number three which asked: "Has the class proven by a preponderance or greater weight of the evidence that the Supplemental Letters of Understanding would not have been adopted nationally if they and the class they represent had not been denied their right to cast meaningful votes?" (emphasis added). Indeed, the court asked plaintiffs if they had "[a]ny problem with the interrogatories ...?" Plaintiffs' counsel responded simply, "I didn't see any problems with them."
 
 
 18
 Absent any objection, we may review only for plain error, which we have defined as being both "obvious and prejudicial," and requiring action by this court "in the interests of justice." Chonich v. Wayne County Community College, 973 F.2d 1271, 1275 (6th Cir.1992); Fryman v. Federal Crop Ins. Corp., 936 F.2d 244, 250 (6th Cir.1991). While plaintiffs argue that they should be required only to prove that defendants' actions may have affected the outcome of the national vote, they have failed to provide, nor have we found, any authority clearly supporting this position. The cases relied on by plaintiffs involve either an entirely different statute, see Wirtz v. Hotel, Motel & Club Employees Union, Local 6, 391 U.S. 492, 505-09 (1968); Marshall v. Local Union 12447, 591 F.2d 199, 205-06 (3d Cir.1978) (applying "may have affected" standard set forth in Sec. 482(c)); a different subsection of Sec. 411(a), see Kelly v. Local No. B-183, 566 F.Supp. 1199, 1201-02 (S.D.N.Y.1983); Thompson v. Union of Flight Attendants, 109 L.R.R.M. 2870, 2874 (C.D.Cal.1982); Hummel v. Brennan, 469 F.Supp. 1180, 1191-93 (E.D.Pa.1979) (adopting "may have affected" standard of Sec. 482(c) in Sec. 411(a)(3) actions); or do not include any analysis of the issue raised by plaintiffs, see Fight Back Committee v. Gallagher, 120 L.R.R.M. 2372, 2374-75 (S.D.N.Y.), amended, 120 L.R.R.M. 2688 (S.D.N.Y.1985) (mere use of "may have affected" phrase in Sec. 411(a)(1) action with no rationale). Our review of this uncertain authority, individually and in totality, leaves us hard-pressed to conclude that the district court committed any error, let alone that such error was "plain" or "obvious." See Newport v. Fact Concerts, Inc., 453 U.S. 247, 256 (1981) (interpretation of evolving and uncertain law cannot amount to plain error). In light of plaintiffs' failure to object below and our conclusion that there was no plain error, we decline to address this issue on appeal.
 
 III.
 
 19
 For the foregoing reasons, we AFFIRM.
 
 
 
 *
 The Honorable Charles W. Joiner, United States District Judge for the Eastern District of Michigan, sitting by designation
 
 
 [1]
 Navistar is not a party to this appeal
 
 
 [2]
 The district court directed a verdict in favor of Yokich which plaintiffs do not challenge
 
 
 [3]
 Section 411(a)(1) is part of the LMRDA's "bill of rights" for union members. It provides:
 Every member of a labor organization shall have equal rights and privileges within such organization to nominate candidates, to vote in elections or referendums of the labor organization, to attend membership meetings, and to participate in the deliberations and voting upon the business of such meetings, subject to reasonable rules and regulations in such organization's constitution and bylaws.
 LMRDA, 29 U.S.C. Sec. 411(a)(1). Courts have held that the right to vote under this section is not the simple right to cast a ballot, but the right to a "meaningful" vote, which requires "the dissemination of sufficient information so as to permit rank and file members to 'exercise their statutorily guaranteed right to an informed vote....' " Corea v. Welo, 937 F.2d 1132, 1140 (6th Cir.1991) (quoting Blanchard v. Johnson, 532 F.2d 1074, 1079 (6th Cir.), cert. denied 429 U.S. 834, and cert. denied, 429 U.S. 869 (1976)).