17 F.3d 1434
 145 L.R.R.M. (BNA) 2575, 146 L.R.R.M. (BNA) 2128
 NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
NATIONAL LABOR RELATIONS BOARD, Petitioner,
v.
UNITED STATES POSTAL SERVICE, Respondent.
 No. 92-2358.
 United States Court of Appeals, Fourth Circuit.
 Argued: July 13, 1993.
Decided: Feb. 16, 1994.
 
 On Application for Enforcement of an Order of the National Labor Relations Board. (11-CA-14242-P)
 Nancy Barbara Hunt, National Labor Relations Board, Washington, D.C., for petitioner.
 Robert Paul Sindermann, Jr., Appellate Division, United States Postal Service, Washington, D.C., for respondent.
 Jerry M. Hunter, General Counsel, Yvonne T. Dixon, Acting Deputy General Counsel, Nicholas E. Karatinos, Acting Associate General Counsel, Aileen A. Armstrong, Deputy Associate General Counsel, Collis Suzanne Stocking, Supervisory Attorney, National Labor Relations Board, Washington, D.C., for petitioner.
 R. Andrew German, Chief Counsel, Appellate Division, United States Postal Service, Washington, D.C., for respondent.
 N.L.R.B.
 ENFORCEMENT GRANTED.
 Before ERVIN, Chief Judge, MURNAGHAN, Circuit Judge, and BUTZNER, Senior Circuit Judge.
 OPINION
 BUTZNER, Senior Circuit Judge:
 
 
 1
 The National Labor Relations Board seeks enforcement of its order requiring the United States Postal Service to furnish the American Postal Workers Union, Greater Greensboro SCF Area Local 711, AFL-CIO with information concerning employee absences. The Board found that the information was necessary and relevant to the union's performance of its duties as the collective bargaining representative of the postal workers. Consequently, it ordered the Postal Service to provide the requested documents. Finding no error, we enforce the order.
 
 
 2
 * The petition arises from a controversy over employee absence analysis forms that the Postal Service uses. The forms disclose an individual postal worker's attendance record based on scheduled and unscheduled leave. The forms are considered personal, and access to them is restricted. Employee and Labor Relations Manual Sec. 314.542. A supervisor may place an employee on restricted sick leave for abuse of sick leave. The employee is then required to submit documentation justifying the leave. Two employees filed grievances claiming that they had been placed on restricted sick leave because of their race and union activities. They named other employees who had been absent more frequently without having been placed on restricted sick leave.
 
 
 3
 In order to present the grievances, the union steward asked the Postal Service for attendance forms of other employees who worked at the same location as the grievants. The Postal Service denied the requests because of concerns for the employees' confidentiality but offered the forms with employees' names and social security numbers deleted. The Postal Service insisted that the union would have to obtain signed releases from each employee in order to receive unredacted reports.
 
 
 4
 The union steward contended that he needed the complete forms without any deletion in order to show discrimination against the grievants by comparing their attendance records with those of the persons whom the grievants claimed had worse attendance records and were not on restricted sick leave. The steward declined to accept the redacted attendance records because they were useless without the names of the employees.
 
 
 5
 The union filed an unfair labor practice charge alleging that the Postal Service's refusal to provide the attendance forms violated its duty to bargain collectively under the National Labor Relations Act. 29 U.S.C. Secs. 158(a)(1) & (5).
 
 II
 
 6
 We must first address the Postal Service's claim that the issue presented for review is not justiciable and should be dismissed.
 
 
 7
 Pending the administrative proceedings, the union and the Postal Service settled the grievances, and the employees who complained of discriminatory treatment were removed from restricted sick leave. In view of the settlement, the Postal Service argues, the unfair labor practice proceeding should be dismissed as moot.
 
 
 8
 When an issue presented for review by a federal court is no longer live, the case is moot and should be dismissed. Murphy v. Hunt, 455 U.S. 478, 481 (1982). Nevertheless, federal courts may decide the controversy if it falls within one of the exceptions to the mootness doctrine. Issues that are "capable of repetition yet evading review" are justiciable. Southern Pacific Terminal Co. v. I.C.C., 219 U.S. 498 (1911). They occur when the dispute is too short in duration to be litigated and there is "a 'reasonable expectation' or 'demonstrated probability' that the same controversy will recur involving the same complaining party." Murphy, 455 U.S. at 482.
 
 
 9
 Although the individual grievances over restricted sick leave have been settled, the core dispute remains. The Postal Service's policy of redaction continues. Given the high probability that the union will need the attendance records with some identifying information intact, the controversy is appropriate for judicial resolution. Cf. E.I. Dupont de Nemours Co. v. NLRB, 744 F.2d 536 (6th Cir.1984). In Dupont, the court held that a controversy surrounding release of wage data was not rendered moot by an intervening wage settlement. 744 F.2d at 537-39. Consequently, we deny the Postal Service's motion to dismiss.
 
 III
 
 10
 The Postal Service asserts that the Board erred in refusing to defer to the contractual grievance-arbitration procedure. The Postal Service relies on this court's decision that the Board should defer to an arbitration award made in a properly conducted arbitration proceeding. NLRB v. Motor Convoy, Inc., 673 F.2d 734 (4th Cir.1982).
 
 
 11
 Motor Convoy, Inc. is not dispositive because in that case the issues before the arbitrator and the Board were identical. 673 F.2d at 735. In the instant case, however, the underlying grievance differs from the question of the release of employee records, and consequently deferral is not appropriate.
 
 
 12
 The Board has consistently refused to defer disputes over information requests to arbitration. Clinchfield Coal, 275 NLRB 1384-85, 1395 (1985); Safeway Stores, 236 NLRB 1126, 1126 n. 1 (1978), enforced, 622 F.2d 425, 428 (9th Cir.1980). The Board's policy reflects the principle that a union "has a statutory right to potentially relevant information necessary to allow it to decide if the underlying grievances have merit and whether they should be pursued at all." Safeway, 236 NLRB at 1126 n. 1. We have, in the past, rejected this policy only when the information request constituted the substance of the underlying grievance rather than the union's means of evaluating such a grievance. See, e.g., Motor Convoy, Inc., 673 F.2d 734; Roadway Express, Inc. v. NLRB, 647 F.2d 415 (4th Cir.1981).
 
 IV
 
 13
 An employer subject to the National Labor Relations Act has a general obligation "to provide information needed by the bargaining representative for the proper performance of its duties." NLRB v. Acme Indus. Corp., 385 U.S. 432, 435-36 (1967). It is part of the duty to bargain collectively imposed by section 8(a)(5) of the Act. See NLRB v. Truitt Mfg. Co., 351 U.S. 149 (1956). It stems from the understanding that access to such information allows the union to identify meritorious claims before going to arbitration. Acme Indus. Co., 385 U.S. at 438-39; Florida Steel Corp. v. NLRB, 601 F.2d 125, 129 (4th Cir.1979).
 
 
 14
 The administrative law judge found that without the employees' names or social security numbers the forms were of little value to the union. The union needed to match attendance records with individual employees to evaluate the claims of discriminatory and retaliatory treatment. The records, with names intact, were relevant to the union's proper performance of its duties.
 
 
 15
 The administrative law judge also decided that the Postal Service's interest in preserving confidentiality did not outweigh the union's need for the forms. He concluded that the Postal Service had committed an unfair labor practice. On review, the Board modified the decision of the administrative law judge to allow the Postal Service to delete social security numbers from the individual leave forms. It found that the numbers were not presumptively relevant to the union's duties as bargaining representative. In all other respects, the Board adopted the findings and conclusions of the administrative law judge.
 
 
 16
 A court should not disturb findings of fact if substantial evidence supports the Board. 29 U.S.C. Sec. 160(e); Universal Camera Corp. v. NLRB, 340 U.S. 474 (1951). When the issue involves the application of law to facts, a court should defer to the Board's choice between two fairly conflicting views, even if the court would have justifiably made a different choice were it considering the question in the first instance. NLRB v. United Ins. Co., 390 U.S. 254, 260 (1968). The standard for determining the relevancy of the information a union requests is a "discovery-type standard." Acme Indus. Co., 385 U.S. at 437. Information that will probably be relevant to the collective bargaining function of the union is subject to the employer's general duty of disclosure. 385 U.S. at 437. Applying these principles to the facts the Board found, we conclude that the information that the union sought was relevant to its duty as bargaining agent.
 
 V
 
 17
 The relevance of the information does not end our inquiry. A bargaining agent does not have an unfettered right to all information relevant to the performance of its duties. Detroit Edison Co. v. NLRB, 440 U.S. 301, 314-15, 318 (1979). An employer may legitimately refuse to furnish relevant information, such as psychological test results, if it has a well-founded concern for employee privacy that outweighs the union's need for the information. Detroit Edison, 440 U.S. at 317-20.
 
 
 18
 The Postal Service likens the attendance records to the psychological test results, which were denied to the union, in Detroit Edison. Although we recognize the interest employees have in keeping attendance records private, we hold that the Board did not err in ordering the Postal Service to release attendance records that disclosed the employees' names.
 
 
 19
 The Privacy Act of 1974, 5 U.S.C. Sec. 552a, permits this type of disclosure. Although the Act normally requires written consent of the employee before personnel records are made available to third parties, an exception exists for a disclosure tailored to a"routine use." 5 U.S.C. Sec. 552a(b)(3).
 
 
 20
 In its regulations, the Postal Service has established "Routine Use M," which governs the release to unions of certain employee data, including information found in personnel records maintained by postal supervisors. See Notice of Systems of Records Changes, 54 Fed.Reg. 43652-55, 43696 (1989); 39 C.F.R. Sec. 266.5. According to Sec. 314.52-54 of the Postal Service's Employee and Labor Relations Manual, these "supervisor's personnel records" include both "attendance records" and "letters of warning and other disciplinary records." (1989); see 39 C.F.R. Sec. 211.2(a)(2) (incorporating labor manual into regulations).
 
 
 21
 Routine Use M states that this information "may be furnished to a labor organization upon its request when needed by that organization to perform properly its duties as the collective bargaining unit." 54 Fed.Reg. 43655. Because the Board ordered the attendance data for this permitted routine use, disclosure does not violate the Privacy Act. NLRB v. United States Postal Service, 888 F.2d 1568, 1572-73 (11th Cir.1989); see NLRB v. United States Postal Service, 841 F.2d 141, 144-45 n. 3 (6th Cir.1988).
 
 
 22
 The Board's order is enforced.